IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PEDRO GREY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 2004-25 |
| JESUS ANDUJAR d/b/a OMEGA ELECTRIC MOTOR REPAIR, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's Motion for Examination of Judgment Debtor [DE 73] pursuant to Rule 69(a) of the Federal Rules of Civil Procedure.[1] In particular, plaintiff requests that the Court order defendant to appear before it for an examination to be conducted by plaintiff.[2]

### I.    FACTUAL BACKGROUND

On April 10, 2006, plaintiff and defendant entered into a settlement agreement. The settlement agreement provided that the defendant would pay $10,000 to plaintiff in weekly installments beginning April 15, 2006 until paid.  On February 22, 2008, the District Court found that defendant had breached the parties' settlement agreement and directed defendant to make payments to plaintiff in accordance with the terms of the agreement [DE 67]. To date, however, defendant has made only two payments (July 31, 2006 and September 29, 2006).

---

[1] Plaintiff provides no authority in support of her motion.  *See* LRCi 11.1 ("By signing a motion or supporting memorandum or brief, an attorney certifies to the Court that: (a) the applicable law in this jurisdiction has been cited, including authority for and against the position being advocated by counsel. . . .").

[2] Pursuant to Local Civil Rule 73.2(b), magistrate judges are designated to perform various duties, including "conducting examinations of judgment debtors in accordance with Federal Rule of Civil Procedure 69."

*Pedro v. Jesus Andujar d/b/a Omega Electric Motor Repair*
Civil No. 2004-25
Page 2

According to plaintiff, defendant failed to appear at the post-judgment depositions noticed by plaintiff on July 27, 2006 and June 10, 2008. In an order [DE 71] dated October 22, 2008, this Court instructed defendant to appear before it on November 14, 2008 for a post-judgment examination. However, defendant failed to appear due to "a medical issue in Puerto Rico." [DE 72]. Accordingly, the Court rescheduled the debtor examination hearing for December 10, 2008. The record is silent as to whether the Court held the December 2008 hearing.

## II.    APPLICABLE LAW

Rule 69(a) first provides that a judgment creditor shall follow state practice and procedure in seeking to satisfy a judgment. In other words, a judgment creditor must follow Virgin Islands law regarding various avenues of relief such as execution or garnishment, for example. Thus, a judgment creditor is limited to the collection options provided by the Virgin Islands.

However, when utilizing territorial collection procedures, Rule 69(a) further provides that a judgment creditor may obtain discovery and in so doing, may either use the procedures set forth in the federal rules or those provided by state practice. In the Virgin Islands, the procedure for discovery and supplementary proceedings regarding post-judgment discovery is set forth in Rule 52 of the Rules Governing the Superior Court of the Virgin Islands, which provides in relevant part as follows:

> (a)    In aid of the judgment of execution, the judgment creditor . . . may examine any person, including the judgment debtor[,] in the following manner:
>
> He shall present to a judge of the Territorial Court a petition verified by the oath of such person or his agent or attorney, in which he shall state the amount due on such judgment and his belief that such judgment debtor has property or other things in action over and above such property as is or may be reserved by law.

>   (b) Upon the filing of such petition, the judge shall make an order requiring the judgment debtor to appear at a time and place specified in such order and make discovery on oath concerning his property and things in action before such judge . . . to be designated in such order.

V.I. Super. Ct. Rule 52. Here, plaintiff has not verified by oath the amount due or his belief that defendant has property that will satisfy the judgment owed plaintiff.

### III.   CONCLUSION

For the foregoing reasons, plaintiff's Motion for Examination of Judgment Debtor [DE 73] is DENIED WITHOUT PREJUDICE.

**Dated:** April 18, 2013               S\_____
                                          **RUTH MILLER**
                                          United States Magistrate Judge